Jeffrey **MATTHEWS** et al., Plaintiffs,

v.

The **DISTRICT OF COLUMBIA**
et al., Defendants.

Civil Action No. 07–0031 (RWR).

United States District Court,
District of Columbia.

Nov. 19, 2007.

Kirk D. Williams, Law Offices of Kirk D. Williams, Washington, DC, for Plaintiffs.

Ellen A. Efros, Office of the Attorney General, Martha J. Mullen, Office of Corporation Counsel, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD W. ROBERTS, District Judge.

Plaintiffs Jeffrey Matthews, Frankie West, and Earline Hickman sued under

42 U.S.C. § 1983 for compensatory and punitive damages and injunctive and declaratory relief, alleging that the District of Columbia and the Mayor deprived them of a constitutionally-protected property interest without due process when terminating their workers' compensation benefits. The defendants moved to dismiss the complaint for mootness.[1] Because defendants have not shown that the claims are moot, the motion will be denied.

## BACKGROUND

Plaintiffs suffered work-related injuries while they were employees of the District and received workers' compensation benefits. Their benefits were subsequently suspended by the District's Office of Risk Management Disability Compensation Program. Plaintiffs requested evidentiary hearings so they could challenge the termination of their benefits. Their requests were denied because they had not received formal denial letters. West and Hickman requested formal denial letters on November 10, 2006. Matthews alleges that he requested a formal denial letter on several occasions, but does not specify dates. On January 5, 2007, the three plaintiffs filed this action. West and Hickman received their denial letters on February 16, 2007, and Matthews received his on March 7, 2007.

Plaintiffs allege that the conduct by the defendants constitutes a denial of due process in that they were deprived of property without notice or opportunity to defend their property interest in an evidentiary hearing. (*See* Compl. ¶¶ 18, 26, 34, 36.) Defendants argue that because they have now issued denial letters, paving the way to an appeal, that plaintiffs' § 1983 claims are moot and this court has no jurisdiction to entertain them. "Defendants recently issued the formal denial letters sought by Plaintiffs. Any harm Plaintiffs suffered as a result of the Defendants['] delay in issuing the formal denial letters will be addressed in proceedings before the Administrative Hearings Division. . . . If Defendants wrongfully terminated Plaintiffs' benefits, any award will be made retroactive to the date of the suspension of benefits. Consequently, Plaintiffs' claims are now moot." (Mem. of P. & A. in Supp. of Mot. to Dismiss at unnumbered page 2; *see also* Reply at 2 ("If Plaintiffs suffered harm as a result of the Defendants' delay in issuing the formal denial letters, they will be made whole by subsequent administrative proceedings. Any award will be made retroactive to the date of the suspension of benefits. Consequently, Plaintiffs have not been injured.").) Plaintiffs counter that even if the defendants have now "stopped violating Plaintiffs' rights[,] . . . a factual issue remains concerning Plaintiffs' claim for damages." (Opp'n at 2.)

## DISCUSSION

■■■ "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70, 104 S.Ct. 373, 78 L.Ed.2d 58 (1983); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) ("[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold requirement imposed by Article III of the Constitution by alleging an actual case or controversy."). To satisfy the

---

1. Defendants characterize their motion to dismiss as one under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. However, because mootness deprives a federal court of jurisdiction, the motion is more appropriately treated as one for lack of jurisdiction, under Rule 12(b)(1).

Article III case or controversy requirement, a "plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized ... and (b) actual or imminent, not conjectural or hypothetical, ... [that can be] fairly trace[d] to the challenged action of the defendant, and ... [is] likely ... [to] be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotation marks and citations omitted). Article III standing can be destroyed by mootness, and a claim may become moot in various ways, including where the offending factor has ceased to exist. *Worth v. Jackson*, 451 F.3d 854, 857, 860–61 (D.C.Cir.2006) (noting that mootness is a doctrine that inter-relates and overlaps with standing, and deciding that a claim for injunctive relief from enforcement of a policy was moot where the offending policy had been rescinded).

■ The defendants' assertion here that issuing denial letters has mooted plaintiffs' claims is untenable on two accounts. First, on this record, there is no evidence that plaintiffs' alleged injury is not a continuing one with present adverse effects. The record does not establish that plaintiffs have received their due process. It is conceivable that plaintiffs' claim for injunctive relief may become moot once plaintiffs have received the process which they are due because "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96, 94 S.Ct. 669, 38 L.Ed.2d 674, (1974). This assumes, of

course, that plaintiffs would be unable to show that they are likely to suffer the same injury again. *See Lyons*, 461 U.S. at 109, 103 S.Ct. 1660 (explaining that because the police choke-hold of which Lyons complained had already occurred and was not continuing, Lyons' lack of standing to pursue injunctive relief was due to "the speculative nature of his claim that he will again experience [another such] injury"). However, any conclusion that the claim for injunctive relief is moot is premature.

Second, even if plaintiffs' claim for injunctive relief were to become moot at some point, their claims for other forms of relief would not necessarily also be moot. *See Lyons*, 461 U.S. at 109, 103 S.Ct. 1660 (noting that even where plaintiff's claim for injunctive relief was moot, his claim for damages under § 1983 was not moot and "appear[ed] to meet all Article III requirements"). The defendants have not demonstrated how the claims for declaratory, compensatory, and punitive damages are moot simply because denial letters were issued. Accordingly, defendants' motion to dismiss will be denied.[2]

### CONCLUSION

Because the defendants have not demonstrated that plaintiffs' claims are moot, it is hereby

ORDERED that defendants' motion [4] to dismiss be, and hereby is, DENIED. It is further

ORDERED that plaintiffs' motion [7] to file a sur-reply to the motion to dismiss be, and hereby is, DENIED as moot.

---

2. Plaintiffs seek leave to file a surreply to respond to two new arguments defendants raised in their reply. A reply is not the appropriate vehicle for raising arguments for the

first time, and defendants' new arguments, in any event, are unpersuasive. For those reasons, it is unnecessary to consider plaintiffs' proffered surreply and it will not be allowed.